**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ONESTAFF MEDICAL, LIMITED LIABILITY COMPANY, a Nebraska limited liability company,

Plaintiff,

v.

DAVIN HEALTHCARE WORKFORCE SOLUTIONS, INC., a New York corporation; ST. MARY'S HEALTHCARE, a New York not-for-profit corporation; CLAXTON-HEPBURN MEDICAL CENTER, a New York not-for-profit corporation; ALBANY MED HEALTH SYSTEM d/b/a SARATOGA HOSPITAL, a New York not-for-profit corporation; ONEIDA HEALTH SYSTEMS, INC., a New York not-for-profit corporation; and COLUMBIA MEMORIAL HOSPITAL, a New York not-for-profit corporation,

Defendants.

Case No. 1:26-cv-225 (ECC/PJE)

JURY TRIAL REQUESTED

**COMPLAINT**

The Plaintiff, ONESTAFF MEDICAL, LIMITED LIABILITY COMPANY ("OneStaff"), by its attorneys, Koley Jessen P.C., L.L.O., states and alleges as follows for its claims for relief against Defendants DAVIN HEALTHCARE WORKFORCE SOLUTIONS, INC. ("Davin Healthcare"); St. MARY'S HEALTHCARE ("St. Mary's"); CLAXTON-HEPBURN MEDICAL CENTER ("Claxton-Hepburn"); ALBANY MED HEALTH SYSTEM d/b/a SARATOGA

HOSPITAL ("Saratoga Hospital"); ONEIDA HEALTH SYSTEMS, INC. ("Oneida Health"); and COLUMBIA MEMORIAL HOSPITAL ("Columbia Memorial") (collectively, the "Defendants") as follows:

## PARTIES AND JURISDICTION

1. OneStaff is a Nebraska limited liability company authorized to transact business in the State of New York, with its principal place of business located at 10802 Farnam Drive, Suite 101, Omaha, Nebraska 68154. OneStaff's members are all domiciled in the State of Nebraska.

2. Davin Healthcare is a New York corporation with its principal place of business located at 18 Division Street, Suite 311 Saratoga Springs, NY, 12866.

3. St. Mary's is a New York not-for-profit corporation, with its principal place of business located at 427 Guy Park Avenue, Amsterdam, NY 12010.

4. Claxton-Hepburn is a New York not-for-profit corporation, with its principal place of business located at 214 King Street, Ogdensburg, NY 13669.

5. Saratoga Hospital is a New York not-for-profit corporation under the umbrella of Albany Med Health System, with its principal place of business located at 211 Church St., Saratoga Springs, NY 12866 (Albany Med Health System's address for service of process is listed as ATTN: President, 43 New Scotland Avenue, Albany, NY 12208 on the New York Secretary of State's website).

6. Oneida Health is a New York not-for-profit corporation, with its principal place of business located at 321 Genesee St., Oneida, NY 13421.

7. Columbia Memorial is a New York not-for-profit corporation, with its principal place of business located at 71 Prospect Ave., Hudson, NY 12534.

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

9. Pursuant to 28 U.S. Code § 1391, venue is proper in the Northern District of New York, because all Defendants are located in the Northern District of New York.

## FACTUAL ALLEGATIONS

10. Over the course of the business relationship between OneStaff and Davin Healthcare, OneStaff and Davin Healthcare have executed various Subcontractor Supplier Agreements for the benefit of Davin Healthcare's clients, e.g., the remaining Defendants. For convenience, the events giving rise to each breach are discussed below in chronological order and grouped by contract.

*The St. Mary's Agreement*

11. On or about October 8, 2020, OneStaff and Davin Healthcare[1] entered

[1] The St. Mary's Agreement was between Stat Staff Professionals, Inc. ("Stat Staff") and OneStaff. Upon information and belief, Stat Staff was a predecessor in interest to Davin

into a Subcontract Supplier Agreement pursuant to which OneStaff agreed to provide temporary medical staffing services to Davin Healthcare's Client—St. Mary's—and Davin Healthcare agreed to collect payment from St. Mary's and remit said payment to OneStaff for said services as they were rendered (the "St. Mary's Agreement"). A true and correct copy of the St. Mary's Agreement is attached hereto and incorporated herein as **Exhibit A**.

12. Pursuant to the terms of the St. Mary's Agreement, Davin Healthcare was to provide certain centralized vendor management services to St. Mary's in connection with its use of OneStaff's professionals.

13. Section 14 of the St. Mary's Agreement provides the terms and conditions relating to payment for OneStaff's services:

a. OneStaff's professionals would submit time sheets to Davin Healthcare which Davin Healthcare would forward to OneStaff.
b. After the pay period ending date, OneStaff would create an invoice based on the time sheets and submit said invoice to Davin Healthcare.
c. Davin Healthcare would then add its administrative fee (4%) to the OneStaff invoice and create a new Davin Healthcare invoice.
d. The new Davin Healthcare invoice would be sent to St. Mary's for payment.
e. St. Mary's would then remit payment to Davin Healthcare.

---

Healthcare either through merger, acquisition, or otherwise. Accordingly, the rights previously held by Stat Staff under the St. Mary's Agreement are now held by Davin Healthcare.

14. Pursuant to Section 14(c) of the St. Mary's Agreement, Davin Healthcare was to remit payment to OneStaff within "14 days of clearing of payment from [St. Mary's] for the same services rendered."

15. OneStaff provided the services outlined in the St. Mary's Agreement and invoiced Davin Healthcare for said services. A true and correct copy of a statement summarizing all unpaid invoices previously sent to Davin Healthcare for services provided pursuant to the St. Mary's Agreement is attached as **Exhibit B**.

16. Pursuant to Section 14(f) of the St. Mary's Agreement, "[i]n the event of non-payment of [St. Mary's] after 90 days from *the pay period ending date*, [OneStaff] may seek payment directly from [St. Mary's] and may exercise any applicable legal remedies against [St. Mary's]." (emphasis added).

17. As can be seen from Exhibit B, as of February 5, 2026, the principal amount of $79,356.77 has been outstanding for more than 90 days past the date the OneStaff invoice was issued and therefore more than 90 days past the pay period ending date.

18. Additionally, given the history of non-payment, it is reasonable to presume that payment for the remaining invoices (INV256308, INV257229, INV257858, INV262099, INV262956, INV263631, INV263630, and INV263632) will not be received within 90 days of the pay period ending date thereby enabling

OneStaff to pursue collection of those amounts directly from St. Mary's upon reaching the 90-day mark—the latest of which is February 26, 2026.

19. Exhibit B contains a true and accurate reflection of invoices INV256308, INV257229, INV257858 INV262099, INV262956, INV263631, INV263630, and INV263632 which are less than 90-days past the pay period ending date and which total an additional $21,385.65.

20. St. Mary's and Davin Healthcare failed and/or refused to pay for the services rendered by OneStaff.

21. The St. Mary's account with OneStaff is now past due and owing in the total principal amount of $100,742.42 plus accrued statutory pre-judgment interest. Additional interest will continue to accrue through the date of judgment on the claims presented in this lawsuit.

22. OneStaff has attempted to collect the amount that is due and owing amicably, but St. Mary's[2] and Davin Healthcare have refused, and continue to refuse, to pay.

23. OneStaff has made written demands to St. Mary's and Davin Healthcare for payment, but St. Mary's and Davin Healthcare have ignored or refused to honor such demands.

[2] Demands sent directly to St. Mary's have only included amounts that were over 90-days past due at the time of the demand. *See also* ¶ 23.

24. By filing and serving this Complaint, OneStaff again issues demand for payment to St. Mary's and Davin Healthcare for the amounts identified herein.

*The Claxton-Hepburn Agreement*

25. On or about November 14, 2024, OneStaff and Davin Healthcare entered into a Subcontract Supplier Agreement pursuant to which OneStaff agreed to provide temporary medical staffing services to Davin Healthcare's Client—Claxton-Hepburn—and Davin Healthcare agreed to collect payment from Claxton-Hepburn and remit said payment to OneStaff for said services as they were rendered (the "Claxton-Hepburn Agreement"). A true and correct copy of the Claxton-Hepburn Agreement is attached hereto and incorporated herein as **Exhibit C**.

26. Pursuant to the terms of the Claxton-Hepburn Agreement, Davin Healthcare was to provide certain centralized vendor management services to Claxton-Hepburn in connection with its use of OneStaff's professionals.

27. Section 14 of the Claxton-Hepburn Agreement provides the terms and conditions relating to payment for OneStaff's services:

a. OneStaff's professionals would submit time sheets to Davin Healthcare which Davin Healthcare would forward to OneStaff.

b. After the pay period ending date, OneStaff would create an invoice based on the time sheets and submit said invoice to Davin Healthcare.

c. Davin Healthcare would then add its administrative fee (4%) to the OneStaff invoice and create a new Davin Healthcare invoice.

d. The new Davin Healthcare invoice would be sent to Claxton-Hepburn for payment.

e. Claxton-Hepburn would then remit payment to Davin Healthcare.

28. Pursuant to Section 14(c) of the Claxton-Hepburn Agreement, Davin Healthcare was to remit payment to OneStaff within "14 days of clearing of payment from [Claxton-Hepburn] for the same services rendered."

29. OneStaff provided the services outlined in the Claxton-Hepburn Agreement and invoiced Davin Healthcare for said services. A true and correct copy of a statement summarizing all unpaid invoices previously sent to Davin Healthcare for services provided pursuant to the Claxton-Hepburn Agreement is attached as **Exhibit D**.

30. Pursuant to Section 14(f) of the Claxton-Hepburn Agreement, "[i]n the event of non-payment of [Claxton-Hepburn] after 90 days from *the pay period ending date*, [OneStaff] may seek payment directly from [Claxton-Hepburn] and may exercise any applicable legal remedies against [Claxton-Hepburn]." (emphasis added).

31. As can be seen from Exhibit D, as of January 19, 2026, the principal amount of $60,340.18 has been outstanding for more than 90 days past the date the

OneStaff invoice was issued and therefore more than 90 days past the pay period ending date.

32. Said statement contains a true and accurate reflection of the invoices and principal amounts due in the amount of $60,340.18.

33. Claxton-Hepburn and Davin Healthcare failed and/or refused to pay for the services rendered by OneStaff.

34. The Claxton-Hepburn account with OneStaff is now past due and owing in the principal amount of $60,340.18 plus accrued statutory pre-judgment interest. Additional interest will continue to accrue through the date of judgment on the claims presented in this lawsuit.

35. OneStaff has attempted to collect the amount that is due and owing amicably, but Claxton-Hepburn and Davin Healthcare have refused, and continue to refuse, to pay.

36. OneStaff has made written demands to Claxton-Hepburn and Davin Healthcare for payment, but Claxton-Hepburn and Davin Healthcare have ignored or refused to honor such demands.

37. By filing and serving this Complaint, OneStaff again issues demand for payment to Claxton-Hepburn and Davin Healthcare for the amounts identified herein.

*The Weiser Memorial Agreement*

38. On or about October 4, 2024, OneStaff and Davin Healthcare entered into a Subcontract Supplier Agreement pursuant to which OneStaff agreed to provide temporary medical staffing services to Davin Healthcare's Client—Weiser Memorial Hospital Foundation, Inc. ("Weiser Memorial")—and Davin Healthcare agreed to collect payment from Weiser Memorial and remit said payment to OneStaff for said services as they were rendered (the "Weiser Memorial Agreement"). A true and correct copy of the Weiser Memorial Agreement is attached hereto and incorporated herein as **Exhibit E**.

39. Pursuant to the terms of the Weiser Memorial Agreement, Davin Healthcare was to provide certain centralized vendor management services to Weiser Memorial in connection with its use of OneStaff's professionals.

40. Section 14 of the Weiser Memorial Agreement provides the terms and conditions relating to payment for OneStaff's services:

a. OneStaff's professionals would submit time sheets to Davin Healthcare which Davin Healthcare would forward to OneStaff.

b. After the pay period ending date, OneStaff would create an invoice based on the time sheets and submit said invoice to Davin Healthcare.

c. Davin Healthcare would then add its administrative fee (6%) to the OneStaff invoice and create a new Davin Healthcare invoice.

d. The new Davin Healthcare invoice would be sent to Weiser Memorial for payment.

e. Weiser Memorial would then remit payment to Davin Healthcare.

41. Pursuant to Section 14(c) of the Weiser Memorial Agreement, Davin Healthcare was to remit payment to OneStaff within "14 days of clearing of payment from [Weiser Memorial] for the same services rendered."

42. OneStaff provided the services outlined in the Weiser Memorial Agreement and invoiced Davin Healthcare for said services. A true and correct copy of a statement summarizing all unpaid invoices previously sent to Davin Healthcare for services provided pursuant to the Weiser Memorial Agreement is attached as **Exhibit F**.

43. Pursuant to Section 14(f) of the Weiser Memorial Agreement, "[i]n the event of non-payment of [Weiser Memorial] after 90 days from *the pay period ending date*, [OneStaff] may seek payment directly from [Weiser Memorial] and may exercise any applicable legal remedies against [Weiser Memorial]." (emphasis added).

44. As can be seen from Exhibit F, as of January 19, 2026, the principal amount of $47,780.38 has been outstanding for more than 90 days past the date the OneStaff invoice was issued and therefore more than 90 days past the pay period ending date.

45. Said statement contains a true and accurate reflection of the invoices and principal amounts due in the amount of $47,780.38.

46. Based on communications and documentation provided by Weiser Memorial, Weiser Memorial paid Davin Healthcare in full for the services provided by OneStaff pursuant to the Weiser Memorial Agreement.

47. Davin Healthcare failed and/or refused to pay for the services rendered by OneStaff by failing to remit the amounts owed to OneStaff which Davin Healthcare had received from Weiser Memorial.

48. The Weiser Memorial account with OneStaff is now past due and owing in the principal amount of $47,780.38 plus accrued statutory pre-judgment interest. Additional interest will continue to accrue through the date of judgment on the claims presented in this lawsuit.

49. OneStaff has attempted to collect the amount that is due and owing amicably, but Davin Healthcare has refused, and continues to refuse, to pay.

50. OneStaff has made written demands to Davin Healthcare for payment, but Davin Healthcare has ignored or refused to honor such demands.

51. By filing and serving this Complaint, OneStaff again issues demand for payment to Davin Healthcare for the amounts identified herein.

*The Saratoga Hospital Agreement*

52. On or about July 26, 2024, OneStaff and Davin Healthcare entered into a Subcontract Supplier Agreement pursuant to which OneStaff agreed to provide temporary medical staffing services to Davin Healthcare's Client—

Saratoga Hospital—and Davin Healthcare agreed to collect payment from Saratoga Hospital and remit said payment to OneStaff for said services as they were rendered (the "Saratoga Hospital Agreement"). A true and correct copy of the Saratoga Hospital Agreement is attached hereto and incorporated herein as **Exhibit G**.

53. Pursuant to the terms of the Saratoga Hospital Agreement, Davin Healthcare was to provide certain centralized vendor management services to Saratoga Hospital in connection with its use of OneStaff's professionals.

54. Section 14 of the Saratoga Hospital Agreement provides the terms and conditions relating to payment for OneStaff's services:

a. OneStaff's professionals would submit time sheets to Davin Healthcare which Davin Healthcare would forward to OneStaff.

b. After the pay period ending date, OneStaff would create an invoice based on the time sheets and submit said invoice to Davin Healthcare.

c. Davin Healthcare would then add its administrative fee (6%) to the OneStaff invoice and create a new Davin Healthcare invoice.

d. The new Davin Healthcare invoice would be sent to Saratoga Hospital for payment.

e. Saratoga Hospital would then remit payment to Davin Healthcare.

55. Pursuant to Section 14(c) of the Saratoga Hospital Agreement, Davin Healthcare was to remit payment to OneStaff within "14 days of clearing of payment from [Saratoga Hospital] for the same services rendered."

56. OneStaff provided the services outlined in the Saratoga Hospital Agreement and invoiced Davin Healthcare for said services. A true and correct copy of a statement summarizing all unpaid invoices previously sent to Davin Healthcare for services provided pursuant to the Saratoga Hospital Agreement is attached as **Exhibit H**.

57. Pursuant to Section 14(f) of the Saratoga Hospital Agreement, "[i]n the event of non-payment of [Saratoga Hospital] after 90 days from *the pay period ending date*, [OneStaff] may seek payment directly from [Saratoga Hospital] and may exercise any applicable legal remedies against [Saratoga Hospital]." (emphasis added).

58. As can be seen from Exhibit H, as of January 19, 2026, the principal amount of $38,667.83 has been outstanding for more than 90 days past the date the OneStaff invoice was issued and therefore more than 90 days past the pay period ending date.

59. Said statement contains a true and accurate reflection of the invoices and principal amounts due in the amount of $38,667.83.

60. Saratoga Hospital and Davin Healthcare failed and/or refused to pay for the services rendered by OneStaff.

61. The Saratoga Hospital account with OneStaff is now past due and owing in the principal amount of $38,667.83 plus accrued statutory pre-judgment

interest. Additional interest will continue to accrue through the date of judgment on the claims presented in this lawsuit.

62. OneStaff has attempted to collect the amount that is due and owing amicably, but Saratoga Hospital and Davin Healthcare have refused, and continue to refuse, to pay.

63. OneStaff has made written demands to Saratoga Hospital and Davin Healthcare for payment, but Saratoga Hospital and Davin Healthcare have ignored or refused to honor such demands.

64. By filing and serving this Complaint, OneStaff again issues demand for payment to Saratoga Hospital and Davin Healthcare for the amounts identified herein.

*The Oneida Health Agreement*

65. On or about February 9, 2024, OneStaff and Davin Healthcare entered into a Subcontract Supplier Agreement pursuant to which OneStaff agreed to provide temporary medical staffing services to Davin Healthcare's Client—Oneida Health—and Davin Healthcare agreed to collect payment from Oneida Health and remit said payment to OneStaff for said services as they were rendered (the "Oneida Health Agreement"). A true and correct copy of the Oneida Health Agreement is attached hereto and incorporated herein as **Exhibit I**.

66. Pursuant to the terms of the Oneida Health Agreement, Davin Healthcare was to provide certain centralized vendor management services to Oneida Health in connection with its use of OneStaff's professionals.

67. Section 14 of the Oneida Health Agreement provides the terms and conditions relating to payment for OneStaff's services:

a. OneStaff's professionals would submit time sheets to Davin Healthcare which Davin Healthcare would forward to OneStaff.
b. After the pay period ending date, OneStaff would create an invoice based on the time sheets and submit said invoice to Davin Healthcare.
c. Davin Healthcare would then add its administrative fee (4%) to the OneStaff invoice and create a new Davin Healthcare invoice.
d. The new Davin Healthcare invoice would be sent to Oneida Health for payment.
e. Oneida Health would then remit payment to Davin Healthcare.

68. Pursuant to Section 14(c) of the Oneida Health Agreement, Davin Healthcare was to remit payment to OneStaff within "14 days of clearing of payment from [Oneida Health] for the same services rendered."

69. OneStaff provided the services outlined in the Oneida Health Agreement and invoiced Davin Healthcare for said services. A true and correct copy of a statement summarizing all unpaid invoices previously sent to Davin Healthcare for services provided pursuant to the Oneida Health Agreement is attached as **Exhibit J**.

70. Pursuant to Section 14(f) of the Oneida Health Agreement, "[i]n the event of non-payment of [Oneida Health] after 90 days from *the pay period ending date*, [OneStaff] may seek payment directly from [Oneida Health] and may exercise any applicable legal remedies against [Oneida Health]." (emphasis added).

71. As can be seen from Exhibit J, as of January 19, 2026, the principal amount of $12,747.84 has been outstanding for more than 90 days past the date the OneStaff invoice was issued and therefore more than 90 days past the pay period ending date.

72. Said statement contains a true and accurate reflection of the invoices and principal amounts due in the amount of $12,747.84.

73. Oneida Health and Davin Healthcare failed and/or refused to pay for the services rendered by OneStaff.

74. The Oneida Health account with OneStaff is now past due and owing in the principal amount of $12,747.84 plus accrued statutory pre-judgment interest. Additional interest will continue to accrue through the date of judgment on the claims presented in this lawsuit.

75. OneStaff has attempted to collect the amount that is due and owing amicably, but Oneida Health and Davin Healthcare have refused, and continue to refuse, to pay.

76. OneStaff has made written demands to Oneida Health and Davin Healthcare for payment, but Oneida Health and Davin Healthcare have ignored or refused to honor such demands.

77. By filing and serving this Complaint, OneStaff again issues demand for payment to Oneida Health and Davin Healthcare for the amounts identified herein.

*The Bassett Medical Agreement*

78. On or about April 30, 2020, OneStaff and Davin Healthcare[3] entered into a Subcontract Supplier Agreement pursuant to which OneStaff agreed to provide temporary medical staffing services to Davin Healthcare's Client—The Mary Imogene Bassett Hospital d/b/a Bassett Medical Center ("Bassett Medical")—and Davin Healthcare agreed to collect payment from Bassett Medical and remit said payment to OneStaff for said services as they were rendered (the "Bassett Medical Agreement"). A true and correct copy of the Bassett Medical Agreement is attached hereto and incorporated herein as **Exhibit K**.

79. Pursuant to the terms of the Bassett Medical Agreement, Davin Healthcare was to provide certain centralized vendor management services to Bassett Medical in connection with its use of OneStaff's professionals.

[3] This Agreement was between Stat Staff and OneStaff. Upon information and belief, Stat Staff was a predecessor in interest to Davin Healthcare either through merger, acquisition, or otherwise. Accordingly, the rights previously held by Stat Staff under the Bassett Medical Agreement are now held by Davin Healthcare.

80. Section 14 of the Bassett Medical Agreement provides the terms and conditions relating to payment for OneStaff's services:

a. OneStaff's professionals would submit time sheets to Davin Healthcare which Davin Healthcare would forward to OneStaff.
b. After the pay period ending date, OneStaff would create an invoice based on the time sheets and submit said invoice to Davin Healthcare.
c. Davin Healthcare would then add its administrative fee (4%) to the OneStaff invoice and create a new Davin Healthcare invoice.
d. The new Davin Healthcare invoice would be sent to Bassett Medical for payment.
e. Bassett Medical would then remit payment to Davin Healthcare.

81. Pursuant to Section 14(c) of the Bassett Medical Agreement, Davin Healthcare was to remit payment to OneStaff within "14 days of clearing of payment from [Bassett Medical] for the same services rendered."

82. OneStaff provided the services outlined in the Bassett Medical Agreement and invoiced Davin Healthcare for said services. A true and correct copy of a statement summarizing all unpaid invoices previously sent to Davin Healthcare for services provided pursuant to the Bassett Medical Agreement is attached as **Exhibit L**.

83. Pursuant to Section 14(f) of the Bassett Medical Agreement, "[i]n the event of non-payment of [Bassett Medical] after 90 days from *the pay period ending date*, [OneStaff] may seek payment directly from [Bassett Medical] and

may exercise any applicable legal remedies against [Bassett Medical]." (emphasis added).

84. As can be seen from Exhibit L, as of January 19, 2026, the principal amount of $11,507.97 has been outstanding for more than 90 days past the date the OneStaff invoice was issued and therefore more than 90 days past the pay period ending date.

85. Said statement contains a true and accurate reflection of the invoices and principal amounts due in the amount of $11,507.97.

86. Based on communications and documentation provided by Bassett Medical, Bassett Medical has paid Davin Healthcare in full for the services provided by OneStaff pursuant to the Bassett Medical Agreement.

87. Davin Healthcare failed and/or refused to pay for the services rendered by OneStaff by failing to remit the amounts owed to OneStaff which Davin Healthcare had received from Bassett Medical.

88. The Bassett Medical account with OneStaff is now past due and owing in the principal amount of $11,507.97 plus accrued statutory pre-judgment interest. Additional interest will continue to accrue through the date of judgment on the claims presented in this lawsuit.

89. OneStaff has attempted to collect the amount that is due and owing amicably, but Davin Healthcare has refused, and continues to refuse, to pay.

90. OneStaff has made written demands to Davin Healthcare for payment, but Davin Healthcare has ignored or refused to honor such demands.

91. By filing and serving this Complaint, OneStaff again issues demand for payment to Davin Healthcare for the amounts identified herein.

*The Columbia Memorial Agreement*

92. On or about December 12, 2024, OneStaff and Davin Healthcare entered into a Subcontract Supplier Agreement pursuant to which OneStaff agreed to provide temporary medical staffing services to Davin Healthcare's Client—Columbia Memorial—and Davin Healthcare agreed to collect payment from Columbia Memorial and remit said payment to OneStaff for said services as they were rendered (the "Columbia Memorial Agreement"). A true and correct copy of the Columbia Memorial Agreement is attached hereto and incorporated herein as **Exhibit M**.

93. Pursuant to the terms of the Columbia Memorial Agreement, Davin Healthcare was to provide certain centralized vendor management services to Columbia Memorial in connection with its use of OneStaff's professionals.

94. Section 14 of the Columbia Memorial Agreement provides the terms and conditions relating to payment for OneStaff's services:

a. OneStaff's professionals would submit time sheets to Davin Healthcare which Davin Healthcare would forward to OneStaff.

b. After the pay period ending date, OneStaff would create an invoice based on the time sheets and submit said invoice to Davin Healthcare.

c. Davin Healthcare would then add its administrative fee (6%) to the OneStaff invoice and create a new Davin Healthcare invoice.

d. The new Davin Healthcare invoice would be sent to Columbia Memorial for payment.

e. Columbia Memorial would then remit payment to Davin Healthcare.

95. Pursuant to Section 14(c) of the Columbia Memorial Agreement, Davin Healthcare was to remit payment to OneStaff within "14 days of clearing of payment from [Columbia Memorial] for the same services rendered."

96. OneStaff provided the services outlined in the Columbia Memorial Agreement and invoiced Davin Healthcare for said services. A true and correct copy of a statement summarizing all unpaid invoices previously sent to Davin Healthcare for services provided pursuant to the Columbia Memorial Agreement is attached as **Exhibit N**.

97. Pursuant to Section 14(f) of the Columbia Memorial Agreement, "[i]n the event of non-payment of [Columbia Memorial] after 90 days from *the pay period ending date*, [OneStaff] may seek payment directly from [Columbia Memorial] and may exercise any applicable legal remedies against [Columbia Memorial]." (emphasis added).

98. As can be seen from Exhibit N, as of February 5, 2026, the principal amount of $40,130.34 has been outstanding for more than 90 days past the date the OneStaff invoice was issued and therefore more than 90 days past the pay period ending date.

99. Additionally, given the history of non-payment, it is reasonable to presume that payment for the remaining invoices (INV255543, INV256342, INV257210, INV259344, INV260117, INV261176, INV262961, and INV263633) will not be received within 90 days of the pay period ending date thereby enabling OneStaff to pursue collection of those amounts directly from Columbia Memorial upon reaching the 90-day mark—the latest of which is February 26, 2026.

100. Exhibit N contains a true and accurate reflection of invoices INV254401, INV255543, INV256342, INV257210, INV259344, INV260117, INV261176, INV262961, and INV263633 which are less than 90-days past the pay period ending date and which total an additional $31,642.13.

101. Columbia Memorial and Davin Healthcare failed and/or refused to pay for the services rendered by OneStaff.

102. The Columbia Memorial account with OneStaff is now past due and owing in the total principal amount of $71,772.47 plus accrued statutory pre-judgment interest. Additional interest will continue to accrue through the date of judgment on the claims presented in this lawsuit.

103. OneStaff has attempted to collect the amount that is due and owing amicably, but Columbia Memorial[4] and Davin Healthcare have refused, and continue to refuse, to pay.

104. OneStaff has made written demands to Columbia Memorial and Davin Healthcare for payment, but Columbia Memorial and Davin Healthcare have ignored or refused to honor such demands.

105. By filing and serving this Complaint, OneStaff again issues demand for payment to Columbia Memorial and Davin Healthcare for the amounts identified herein.

**FIRST CLAIM FOR RELIEF**

***Breach of Contract Against Davin Healthcare (St. Mary's Agreement)***

106. OneStaff incorporates the allegations of paragraphs 1-24 as if fully set forth herein.

107. OneStaff and Davin Healthcare's predecessor in interest, Stat Staff, entered into the written St. Mary's Agreement.

108. Davin Healthcare has since acquired Stat Staff's rights and obligations under the St. Mary's Agreement.

109. OneStaff provided the services outlined in the St. Mary's Agreement.

[4] Demands sent directly to Columbia Memorial have only included amounts that were over 90-days past due at the time of the demand. *See also* ¶ 104.

110. St. Mary's and/or Davin Healthcare accepted the services, and made no allegations of any material breach of the St. Mary's Agreement by OneStaff, and did not allege that the services provided were deficient in any way.

111. OneStaff invoiced St. Mary's via Davin Healthcare for the services provided pursuant to the St. Mary's Agreement.

112. Upon information and belief,[5] Davin Healthcare received payment, in full or in part, from St. Mary's for services performed by OneStaff under the St. Mary's Agreement.

113. Davin Healthcare has failed and/or refused to remit to OneStaff the payment which Davin Healthcare received from St. Mary's for services performed by OneStaff under the St. Mary's Agreement as set forth in Paragraph 14(c) of the St. Mary's Agreement.

114. Davin Healthcare has breached the St. Mary's Agreement by failing to remit to OneStaff the payment which Davin Healthcare received from St. Mary's for services performed by OneStaff under the St. Mary's Agreement as set forth in Paragraph 14(c) of the St. Mary's Agreement.

[5] At the time of filing, OneStaff has not been able to determine whether Davin's failure to pay is due to (a) its clients' failure to pay Davin; or (b) Davin's failure to pay OneStaff, despite receipt of payment from its client(s). Thus, OneStaff pleads in the alternative that both Davin and its client(s) have failed to remit payment. This issue applies to all allegations relating to payment/nonpayment and the Complaint will be amended to clarify after relevant discovery.

115. OneStaff has made repeated demands in writing for payment, but Davin Healthcare has failed and/or refused to make payment.

116. Davin Healthcare has had notice of its failure to honor the obligations set forth in the St. Mary's Agreement, that the services called for under the St. Mary's Agreement were rendered without objection or complaint, and that OneStaff invoiced St. Mary's via Davin Healthcare for said amount, and that upon information and belief, Davin Healthcare received payment from St. Mary's, but Davin Healthcare has knowingly decided not to pay the amount due and owing to OneStaff.

117. As a result of Davin Healthcare's breach of the St. Mary's Agreement, OneStaff has been damaged in the amount of at least $100,742.42 in unpaid principal as of the date of filing.

118. OneStaff has performed all conditions precedent and substantially performed its duties and obligations under the St. Mary's Agreement, or such conditions precedent and performance have been waived or excused.

WHEREFORE, Plaintiff ONESTAFF MEDICAL, LIMITED LIABILITY COMPANY respectfully requests that the Court enter judgment in its favor and against Defendant DAVIN HEALTHCARE WORKFORCE SOLUTIONS, INC. in the amount of at least $100,742.42 in unpaid principal, plus prejudgment interest as allowed by law, and post judgment interest at the current statutory rate of 9%,

plus attorney's fees and costs as allowed by law.

**SECOND CLAIM FOR RELIEF**
(In the Alternative to the First Claim for Relief as to Davin Healthcare)
***Quantum Meruit/Unjust Enrichment Against St. Mary's and Davin Healthcare***

119. OneStaff incorporates the allegations of paragraphs 1-24 as if fully set forth herein.

120. OneStaff provided valuable services to St. Mary's and/or Davin Healthcare pursuant to their request, and under circumstances that obligate them to pay for such services.

121. OneStaff provided the services to St. Mary's and/or Davin Healthcare with the expectation that it would be paid for the services.

122. St. Mary's and/or Davin Healthcare understood that OneStaff expected to be paid for the services rendered.

123. St. Mary's and/or Davin Healthcare have failed and/or refused to pay OneStaff for such services, and have thereby received and retained benefits and services from OneStaff under circumstances whereby it would be inequitable and unconscionable to permit St. Mary's and/or Davin Healthcare to avoid payment therefore.

124. OneStaff has been harmed as a consequence of St. Mary's and/or Davin Healthcare's refusal to pay the fair and reasonable value of OneStaff's services to OneStaff in an amount to be determined at trial, which is equal to at

least $79,356.77 (as to St. Mary's as of February 5, 2026) and at least $100,742.42 (as to Davin Healthcare) exclusive of attorney's fees, interest, and other fees and costs as of the date of filing; at the time of trial, OneStaff anticipates additional amounts will be due and owing by St. Mary's and OneStaff will provide further proof of said amounts at trial.

WHEREFORE, Plaintiff ONESTAFF MEDICAL, LIMITED LIABILITY COMPANY respectfully requests that the Court enter judgment in its favor and jointly and severally against Defendants DAVIN HEALTHCARE WORKFORCE SOLUTIONS, INC. and St. MARY'S HEALTHCARE in the amount of at least $79,356.77 (as to St. Mary's as of February 5, 2026) and at least $100,742.42 (as to Davin Healthcare), plus the additional amounts referenced in paragraphs 19 and 124 above, plus prejudgment interest, and post judgment interest, plus attorney's fees and costs as allowed by law.

## THIRD CLAIM FOR RELIEF

***Breach of Contract Against Davin Healthcare (Claxton-Hepburn Agreement)***

125. OneStaff incorporates the allegations of paragraphs 1-9 and 25-37 as if fully set forth herein.

126. OneStaff and Davin Healthcare entered into the written Claxton-Hepburn Agreement.

127. OneStaff provided the services outlined in the Claxton-Hepburn Agreement.

128. Claxton-Hepburn and/or Davin Healthcare accepted the services, and made no allegations of any material breach of the Claxton-Hepburn Agreement by OneStaff, and did not allege that the services provided were deficient in any way.

129. OneStaff invoiced Claxton-Hepburn via Davin Healthcare for the services provided pursuant to the Claxton-Hepburn Agreement.

130. Upon information and belief, Davin Healthcare received payment, in full or in part, from Claxton-Hepburn for services performed by OneStaff under the Claxton-Hepburn Agreement.

131. Davin Healthcare has failed and/or refused to remit to OneStaff the payment which Davin Healthcare received from Claxton-Hepburn for services performed by OneStaff under the Claxton-Hepburn Agreement as set forth in Paragraph 14(c) of the Claxton-Hepburn Agreement.

132. Davin Healthcare has breached the Claxton-Hepburn Agreement by failing to remit to OneStaff the payment which Davin Healthcare received from Claxton-Hepburn for services performed by OneStaff under the Claxton-Hepburn Agreement as set forth in Paragraph 14(c) of the Claxton-Hepburn Agreement.

133. OneStaff has made repeated demands in writing for payment, but Davin Healthcare has failed and/or refused to make payment.

134. Davin Healthcare has had notice of its failure to honor the obligations set forth in the Claxton-Hepburn Agreement, that the services called for under the

Claxton-Hepburn Agreement were rendered without objection or complaint, and that OneStaff invoiced Claxton-Hepburn via Davin Healthcare for said amount, and that upon information and belief, Davin Healthcare received payment from Claxton-Hepburn, but Davin Healthcare has knowingly decided not to pay the amount due and owing to OneStaff.

135. As a result of Claxton-Hepburn and/or Davin Healthcare's breach of the Claxton-Hepburn Agreement, OneStaff has been damaged in the amount of at least $60,340.18 in unpaid principal.

136. OneStaff has performed all conditions precedent and substantially performed its duties and obligations under the Claxton-Hepburn Agreement, or such conditions precedent and performance have been waived or excused.

WHEREFORE, Plaintiff ONESTAFF MEDICAL, LIMITED LIABILITY COMPANY respectfully requests that the Court enter judgment in its favor and against Defendant DAVIN HEALTHCARE WORKFORCE SOLUTIONS, INC. in the amount of at least $60,340.18 in unpaid principal, plus prejudgment interest as allowed by law, and post judgment interest at the current statutory rate of 9%, plus attorney's fees and costs as allowed by law.

## FOURTH CLAIM FOR RELIEF

(In the Alternative to the Third Claim for Relief as to Davin Healthcare)

***Quantum Meruit/Unjust Enrichment Against Claxton-Hepburn and Davin Healthcare***

137. OneStaff incorporates the allegations of paragraphs 1-9 and 25-37 as if fully set forth herein.

138. OneStaff provided valuable services to Claxton-Hepburn and/or Davin Healthcare pursuant to their request, and under circumstances that obligate them to pay for such services.

139. OneStaff provided the services to Claxton-Hepburn and/or Davin Healthcare with the expectation that it would be paid for the services.

140. Claxton-Hepburn and/or Davin Healthcare understood that OneStaff expected to be paid for the services rendered.

141. Claxton-Hepburn and/or Davin Healthcare have failed and/or refused to pay OneStaff for such services, and have thereby received and retained benefits and services from OneStaff under circumstances whereby it would be inequitable and unconscionable to permit Claxton-Hepburn and/or Davin Healthcare to avoid payment therefore.

142. OneStaff has been harmed as a consequence of Claxton-Hepburn and/or Davin Healthcare's refusal to pay the fair and reasonable value of OneStaff's services to OneStaff in an amount to be determined at trial, which is equal to at least $60,340.18 exclusive of attorney's fees, interest, and other fees and costs.

WHEREFORE, Plaintiff ONESTAFF MEDICAL, LIMITED LIABILITY

COMPANY respectfully requests that the Court enter judgment in its favor and jointly and severally against Defendants DAVIN HEALTHCARE WORKFORCE SOLUTIONS, INC. and CLAXTON-HEPBURN MEDICAL CENTER in the amount of at least $60,340.18, plus prejudgment interest, and post judgment interest, plus attorney's fees and costs as allowed by law.

## FIFTH CLAIM FOR RELIEF

***Breach of Contract Against Davin Healthcare (Weiser Memorial Agreement)***

143. OneStaff incorporates the allegations of paragraphs 1-9 and 38-51 as if fully set forth herein.

144. OneStaff and Davin Healthcare entered into the written Weiser Memorial Agreement.

145. OneStaff provided the services outlined in the Weiser Memorial Agreement.

146. Weiser Memorial and/or Davin Healthcare accepted the services, and made no allegations of any material breach of the Weiser Memorial Agreement by OneStaff, and did not allege that the services provided were deficient in any way.

147. OneStaff invoiced Weiser Memorial via Davin Healthcare for the services provided pursuant to the Weiser Memorial Agreement.

148. Davin Healthcare received payment in full from Weiser Memorial for services performed by OneStaff under the Weiser Memorial Agreement.

149. Davin Healthcare has failed and/or refused to remit to OneStaff the payment which Davin Healthcare received from Weiser Memorial for services performed by OneStaff under the Weiser Memorial Agreement as set forth in Paragraph 14(c) of the Weiser Memorial Agreement.

150. Davin Healthcare has breached the Weiser Memorial Agreement by failing to remit to OneStaff the payment which Davin Healthcare received from Weiser Memorial for services performed by OneStaff under the Weiser Memorial Agreement as set forth in Paragraph 14(c) of the Weiser Memorial Agreement.

151. OneStaff has made repeated demands in writing for payment, but Davin Healthcare has failed and/or refused to make payment.

152. Davin Healthcare has had notice of its failure to honor the obligations set forth in the Weiser Memorial Agreement, that the services called for under the Weiser Memorial Agreement were rendered without objection or complaint, and that OneStaff invoiced Weiser Memorial via Davin Healthcare for said amount, and that Davin Healthcare received payment in full from Weiser Memorial, but Davin Healthcare has knowingly decided not to pay the amount due and owing to OneStaff.

153. As a result of Davin Healthcare's breach of the Weiser Memorial Agreement, OneStaff has been damaged in the amount of at least $47,780.38 in unpaid principal.

154. OneStaff has performed all conditions precedent and substantially performed its duties and obligations under the Weiser Memorial Agreement, or such conditions precedent and performance have been waived or excused.

WHEREFORE, Plaintiff ONESTAFF MEDICAL, LIMITED LIABILITY COMPANY respectfully requests that the Court enter judgment in its favor and against Defendant DAVIN HEALTHCARE WORKFORCE SOLUTIONS, INC. in the amount of at least $47,780.38 in unpaid principal, plus prejudgment interest as allowed by law, and post judgment interest at the current statutory rate of 9%, plus attorney's fees and costs as allowed by law.

**SIXTH CLAIM FOR RELIEF**
(In the Alternative to the Fifth Claim for Relief)
***Quantum Meruit/Unjust Enrichment Against Davin Healthcare***

155. OneStaff incorporates the allegations of paragraphs 1-9 and 38-51 as if fully set forth herein.

156. OneStaff provided valuable services to Weiser Memorial and/or Davin Healthcare pursuant to its request, and under circumstances that obligate it to pay for such services.

157. OneStaff provided the services to Weiser Memorial and/or Davin Healthcare with the expectation that it would be paid for the services.

158. Davin Healthcare understood that OneStaff expected to be paid for the services rendered.

159. Davin Healthcare has failed and/or refused to pay OneStaff for such services, and has thereby received and retained benefits and services from OneStaff under circumstances whereby it would be inequitable and unconscionable to permit Davin Healthcare to avoid payment therefore.

160. OneStaff has been harmed as a consequence of Davin Healthcare's refusal to pay the fair and reasonable value of OneStaff's services to OneStaff in an amount to be determined at trial, which is equal to at least $47,780.38 exclusive of attorney's fees, interest, and other fees and costs.

WHEREFORE, Plaintiff ONESTAFF MEDICAL, LIMITED LIABILITY COMPANY respectfully requests that the Court enter judgment in its favor and against Defendant DAVIN HEALTHCARE WORKFORCE SOLUTIONS, INC. in the amount of at least $47,780.38, plus prejudgment interest, and post judgment interest, plus attorney's fees and costs as allowed by law.

## SEVENTH CLAIM FOR RELIEF

***Breach of Contract Against Davin Healthcare (Saratoga Hospital Agreement)***

161. OneStaff incorporates the allegations of paragraphs 1-9 and 52-64 as if fully set forth herein.

162. OneStaff and Saratoga Hospital and/or Davin Healthcare entered into the written Saratoga Hospital Agreement.

163. OneStaff provided the services outlined in the Saratoga Hospital Agreement.

164. Saratoga Hospital and/or Davin Healthcare accepted the services, and made no allegations of any material breach of the Saratoga Hospital Agreement by OneStaff, and did not allege that the services provided were deficient in any way.

165. OneStaff invoiced Saratoga Hospital via Davin Healthcare for the services provided pursuant to the Saratoga Hospital Agreement.

166. Upon information and belief, Davin Healthcare received payment, in full or in part, from Saratoga Hospital for services performed by OneStaff under the Saratoga Hospital Agreement.

167. Davin Healthcare has failed and/or refused to remit to OneStaff the payment which Davin Healthcare received from Saratoga Hospital for services performed by OneStaff under the Saratoga Hospital Agreement as set forth in Paragraph 14(c) of the Saratoga Hospital Agreement.

168. Davin Healthcare has breached the Saratoga Hospital Agreement by failing to remit to OneStaff the payment which Davin Healthcare received from Saratoga Hospital for services performed by OneStaff under the Saratoga Hospital Agreement as set forth in Paragraph 14(c) of the Saratoga Hospital Agreement.

169. OneStaff has made repeated demands in writing for payment, but Davin Healthcare has failed and/or refused to make payment.

170. Davin Healthcare has had notice of its failure to honor the obligations set forth in the Saratoga Hospital Agreement, that the services called for under the Saratoga Hospital Agreement were rendered without objection or complaint, and that OneStaff invoiced Saratoga Hospital via Davin Healthcare for said amount, and that upon information and belief, Davin Healthcare received payment from Saratoga Hospital, but Davin Healthcare has knowingly decided not to pay the amount due and owing to OneStaff.

171. As a result of Saratoga Hospital and/or Davin Healthcare's breach of the Saratoga Hospital Agreement, OneStaff has been damaged in the amount of at least $38,667.83 in unpaid principal.

172. OneStaff has performed all conditions precedent and substantially performed its duties and obligations under the Saratoga Hospital Agreement, or such conditions precedent and performance have been waived or excused.

WHEREFORE, Plaintiff ONESTAFF MEDICAL, LIMITED LIABILITY COMPANY respectfully requests that the Court enter judgment in its favor and against Defendant DAVIN HEALTHCARE WORKFORCE SOLUTIONS, INC. in the amount of at least $38,667.83 in unpaid principal, plus prejudgment interest as allowed by law, and post judgment interest at the current statutory rate of 9%, plus attorney's fees and costs as allowed by law.

**EIGHTH CLAIM FOR RELIEF**

(In the Alternative to the Seventh Claim for Relief as to Davin Healthcare)

***Quantum Meruit/Unjust Enrichment Against Saratoga Hospital and Davin Healthcare***

173. OneStaff incorporates the allegations of paragraphs 1-9 and 52-64 as if fully set forth herein.

174. OneStaff provided valuable services to Saratoga Hospital and/or Davin Healthcare pursuant to their request, and under circumstances that obligate them to pay for such services.

175. OneStaff provided the services to Saratoga Hospital and/or Davin Healthcare with the expectation that it would be paid for the services.

176. Saratoga Hospital and/or Davin Healthcare understood that OneStaff expected to be paid for the services rendered.

177. Saratoga Hospital and Davin Healthcare have failed and/or refused to pay OneStaff for such services, and have thereby received and retained benefits and services from OneStaff under circumstances whereby it would be inequitable and unconscionable to permit Saratoga Hospital and/or Davin Healthcare to avoid payment therefore.

178. OneStaff has been harmed as a consequence of Saratoga Hospital and/or Davin Healthcare's refusal to pay the fair and reasonable value of OneStaff's services to OneStaff in an amount to be determined at trial, which is

equal to at least $38,667.83 exclusive of attorney's fees, interest, and other fees and costs.

WHEREFORE, Plaintiff ONESTAFF MEDICAL, LIMITED LIABILITY COMPANY respectfully requests that the Court enter judgment in its favor and jointly and severally against Defendants DAVIN HEALTHCARE WORKFORCE SOLUTIONS, INC. and ALBANY MED HEALTH SYSTEM d/b/a SARATOGA HOSPITAL in the amount of at least $38,667.83, plus prejudgment interest, and post judgment interest, plus attorney's fees and costs as allowed by law.

## NINTH CLAIM FOR RELIEF

***Breach of Contract Against Davin Healthcare (Oneida Health Agreement)***

179. OneStaff incorporates the allegations of paragraphs 1-9 and 65-77 as if fully set forth herein.

180. OneStaff and Davin Healthcare entered into the written Oneida Health Agreement.

181. OneStaff provided the services outlined in the Oneida Health Agreement.

182. Oneida Health and/or Davin Healthcare accepted the services, and made no allegations of any material breach of the Oneida Health Agreement by OneStaff, and did not allege that the services provided were deficient in any way.

183. OneStaff invoiced Oneida Health via Davin Healthcare for the services provided pursuant to the Oneida Health Agreement.

184. Upon information and belief, Davin Healthcare received payment, in full or in part, from Oneida Health for services performed by OneStaff under the Oneida Health Agreement.

185. Davin Healthcare has failed and/or refused to remit to OneStaff the payment which Davin Healthcare received from Oneida Health for services performed by OneStaff under the Oneida Health Agreement as set forth in Paragraph 14(c) of the Oneida Health Agreement.

186. Davin Healthcare has breached the Oneida Health Agreement by failing to remit to OneStaff the payment which Davin Healthcare received from Oneida Health for services performed by OneStaff under the Oneida Health Agreement as set forth in Paragraph 14(c) of the Oneida Health Agreement.

187. OneStaff has made repeated demands in writing for payment, but Davin Healthcare has failed and/or refused to make payment.

188. Davin Healthcare has had notice of its failure to honor the obligations set forth in the Oneida Health Agreement, that the services called for under the Oneida Health Agreement were rendered without objection or complaint, and that OneStaff invoiced Oneida Health via Davin Healthcare for said amount, and that upon information and belief, Davin Healthcare received payment from Oneida Health, but Davin Healthcare has knowingly decided not to pay the amount due and owing to OneStaff.

189. As a result of Oneida Health and/or Davin Healthcare's breach of the Oneida Health Agreement, OneStaff has been damaged in the amount of at least $12,747.84 in unpaid principal.

190. OneStaff has performed all conditions precedent and substantially performed its duties and obligations under the Oneida Health Agreement, or such conditions precedent and performance have been waived or excused.

WHEREFORE, Plaintiff ONESTAFF MEDICAL, LIMITED LIABILITY COMPANY respectfully requests that the Court enter judgment in its favor and against Defendant DAVIN HEALTHCARE WORKFORCE SOLUTIONS, INC. in the amount of at least $12,747.84 in unpaid principal, plus prejudgment interest as allowed by law, and post judgment interest at the current statutory rate of 9%, plus attorney's fees and costs as allowed by law.

## TENTH CLAIM FOR RELIEF

(In the Alternative to the Ninth Claim for Relief as to Davin Healthcare)

***Quantum Meruit/Unjust Enrichment Against Oneida Health and Davin Healthcare***

191. OneStaff incorporates the allegations of paragraphs 1-9 and 65-77 as if fully set forth herein.

192. OneStaff provided valuable services to Oneida Health and/or Davin Healthcare pursuant to their request, and under circumstances that obligate them to pay for such services.

193. OneStaff provided the services to Oneida Health and/or Davin Healthcare with the expectation that it would be paid for the services.

194. Oneida Health and/or Davin Healthcare understood that OneStaff expected to be paid for the services rendered.

195. Oneida Health and Davin Healthcare have failed and/or refused to pay OneStaff for such services, and have thereby received and retained benefits and services from OneStaff under circumstances whereby it would be inequitable and unconscionable to permit Oneida Health and/or Davin Healthcare to avoid payment therefore.

196. OneStaff has been harmed as a consequence of Oneida Health and/or Davin Healthcare's refusal to pay the fair and reasonable value of OneStaff's services to OneStaff in an amount to be determined at trial, which is equal to at least $12,747.84 exclusive of attorney's fees, interest, and other fees and costs.

WHEREFORE, Plaintiff ONESTAFF MEDICAL, LIMITED LIABILITY COMPANY respectfully requests that the Court enter judgment in its favor and jointly and severally against Defendants DAVIN HEALTHCARE WORKFORCE SOLUTIONS, INC. and ONEIDA HEALTH SYSTEMS, INC. in the amount of at least $12,747.84, plus prejudgment interest, and post judgment interest, plus attorney's fees and costs as allowed by law.

## ELEVENTH CLAIM FOR RELIEF

***Breach of Contract Against Davin Healthcare (Bassett Medical Agreement)***

197. OneStaff incorporates the allegations of paragraphs 1-9 and 78-91 as if fully set forth herein.

198. OneStaff and Davin Healthcare's predecessor in interest, Stat Staff, entered into the written Bassett Medical Agreement.

199. Davin Healthcare has since acquired Stat Staff's rights and obligations under the Bassett Medical Agreement.

200. OneStaff provided the services outlined in the Bassett Medical Agreement.

201. Bassett Medical and/or Davin Healthcare accepted the services, and made no allegations of any material breach of the Bassett Medical Agreement by OneStaff, and did not allege that the services provided were deficient in any way.

202. OneStaff invoiced Bassett Medical via Davin Healthcare for the services provided pursuant to the Bassett Medical Agreement.

203. Davin Healthcare received payment in full from Bassett Medical for services performed by OneStaff under the Bassett Medical Agreement.

204. Davin Healthcare has failed and/or refused to remit to OneStaff the payment which Davin Healthcare received from Bassett Medical for services performed by OneStaff under the Bassett Medical Agreement as set forth in Paragraph 14(c) of the Bassett Medical Agreement.

205. Davin Healthcare has breached the Bassett Medical Agreement by failing to remit to OneStaff the payment which Davin Healthcare received from Bassett Medical for services performed by OneStaff under the Bassett Medical Agreement as set forth in Paragraph 14(c) of the Bassett Medical Agreement.

206. OneStaff has made repeated demands in writing for payment, but Davin Healthcare has failed and/or refused to make payment.

207. Davin Healthcare has had notice of its failure to honor the obligations set forth in the Bassett Medical Agreement, that the services called for under the Bassett Medical Agreement were rendered without objection or complaint, and that OneStaff invoiced Bassett Medical via Davin Healthcare for said amount, and that Davin Healthcare received payment from Bassett Medical, but Davin Healthcare has knowingly decided not to pay the amount due and owing to OneStaff.

208. As a result of Bassett Medical and/or Davin Healthcare's breach of the Bassett Medical Agreement, OneStaff has been damaged in the amount of at least $11,507.97 in unpaid principal.

209. OneStaff has performed all conditions precedent and substantially performed its duties and obligations under the Bassett Medical Agreement, or such conditions precedent and performance have been waived or excused.

WHEREFORE, Plaintiff ONESTAFF MEDICAL, LIMITED LIABILITY COMPANY respectfully requests that the Court enter judgment in its favor and

against Defendant DAVIN HEALTHCARE WORKFORCE SOLUTIONS, INC. in the amount of at least $11,507.97 in unpaid principal, plus prejudgment interest as allowed by law, and post judgment interest at the current statutory rate of 9%, plus attorney's fees and costs as allowed by law.

**TWELFTH CLAIM FOR RELIEF**
(In the Alternative to the Eleventh Claim for Relief)
***Quantum Meruit/Unjust Enrichment Against Davin Healthcare***

210. OneStaff incorporates the allegations of paragraphs 1-9 and 78-91 as if fully set forth herein.

211. OneStaff provided valuable services to Bassett Medical and/or Davin Healthcare pursuant to its request, and under circumstances that obligate it to pay for such services.

212. OneStaff provided the services to Bassett Medical and/or Davin Healthcare with the expectation that it would be paid for the services.

213. Davin Healthcare understood that OneStaff expected to be paid for the services rendered.

214. Davin Healthcare has failed and/or refused to pay OneStaff for such services, and has thereby received and retained benefits and services from OneStaff under circumstances whereby it would be inequitable and unconscionable to permit Davin Healthcare to avoid payment therefore.

215. OneStaff has been harmed as a consequence of Davin Healthcare's refusal to pay the fair and reasonable value of OneStaff's services to OneStaff in an amount to be determined at trial, which is equal to at least $11,507.97 exclusive of attorney's fees, interest, and other fees and costs.

WHEREFORE, Plaintiff ONESTAFF MEDICAL, LIMITED LIABILITY COMPANY respectfully requests that the Court enter judgment in its favor and against Defendant DAVIN HEALTHCARE WORKFORCE SOLUTIONS, INC. in the amount of at least $11,507.97, plus prejudgment interest, and post judgment interest, plus attorney's fees and costs as allowed by law.

## **THIRTEENTH CLAIM FOR RELIEF**

***Breach of Contract Against Davin Healthcare (Columbia Memorial Agreement)***

216. OneStaff incorporates the allegations of paragraphs 1-9 and 92-105 as if fully set forth herein.

217. OneStaff and Davin Healthcare entered into the written Columbia Memorial Agreement.

218. OneStaff provided the services outlined in the Columbia Memorial Agreement.

219. Columbia Memorial and/or Davin Healthcare accepted the services, and made no allegations of any material breach of the Columbia Memorial Agreement by OneStaff, and did not allege that the services provided were deficient in any way.

220. OneStaff invoiced Columbia Memorial via Davin Healthcare for the services provided pursuant to the Columbia Memorial Agreement.

221. Upon information and belief, Davin Healthcare received payment, in full or in part, from Columbia Memorial for services performed by OneStaff under the Columbia Memorial Agreement.

222. Davin Healthcare has failed and/or refused to remit to OneStaff the payment which Davin Healthcare received from Columbia Memorial for services performed by OneStaff under the Columbia Memorial Agreement as set forth in Paragraph 14(c) of the Columbia Memorial Agreement.

223. Davin Healthcare has breached the Columbia Memorial Agreement by failing to remit to OneStaff the payment which Davin Healthcare received from Columbia Memorial for services performed by OneStaff under the Columbia Memorial Agreement as set forth in Paragraph 14(c) of the Columbia Memorial Agreement.

224. OneStaff has made repeated demands in writing for payment, but Davin Healthcare has failed and/or refused to make payment.

225. Davin Healthcare has had notice of its failure to honor the obligations set forth in the Columbia Memorial Agreement, that the services called for under the Columbia Memorial Agreement were rendered without objection or complaint, and that OneStaff invoiced Columbia Memorial via Davin Healthcare for said

amount, and that upon information and belief, Davin Healthcare received payment from Columbia Memorial, but Davin Healthcare has knowingly decided not to pay the amount due and owing to OneStaff.

226. As a result of Davin Healthcare's breach of the Columbia Memorial Agreement, OneStaff has been damaged in the amount of at least $71,772.47 in unpaid principal as of the date of filing.

227. OneStaff has performed all conditions precedent and substantially performed its duties and obligations under the Columbia Memorial Agreement, or such conditions precedent and performance have been waived or excused.

WHEREFORE, Plaintiff ONESTAFF MEDICAL, LIMITED LIABILITY COMPANY respectfully requests that the Court enter judgment in its favor and against Defendant DAVIN HEALTHCARE WORKFORCE SOLUTIONS, INC. in the amount of at least $71,772.47 in unpaid principal, plus prejudgment interest as allowed by law, and post judgment interest at the current statutory rate of 9%, plus attorney's fees and costs as allowed by law.

## FOURTEENTH CLAIM FOR RELIEF

(In the Alternative to the Thirteenth Claim for Relief as to Davin Healthcare)

***Quantum Meruit/Unjust Enrichment Against Columbia Memorial and Davin Healthcare***

228. OneStaff incorporates the allegations of paragraphs 1-9 and 92-105 as if fully set forth herein.

229. OneStaff provided valuable services to Columbia Memorial and/or Davin Healthcare pursuant to their request, and under circumstances that obligate them to pay for such services.

230. OneStaff provided the services to Columbia Memorial and/or Davin Healthcare with the expectation that it would be paid for the services.

231. Columbia Memorial and/or Davin Healthcare understood that OneStaff expected to be paid for the services rendered.

232. Columbia Memorial and Davin Healthcare have failed and/or refused to pay OneStaff for such services, and have thereby received and retained benefits and services from OneStaff under circumstances whereby it would be inequitable and unconscionable to permit Columbia Memorial and/or Davin Healthcare to avoid payment therefore.

233. OneStaff has been harmed as a consequence of Columbia Memorial and/or Davin Healthcare's refusal to pay the fair and reasonable value of OneStaff's services to OneStaff in an amount to be determined at trial, which is equal to at least $40,130.34 (as to Columbia Memorial as of February 5, 2026) and $71,772.47 (as to Davin Healthcare) exclusive of attorney's fees, interest, and other fees and costs as of the date of filing; at the time of trial, OneStaff anticipates additional amounts will be due and owing by Columbia Memorial and OneStaff will provide further proof of said amounts at trial.

WHEREFORE, Plaintiff ONESTAFF MEDICAL, LIMITED LIABILITY COMPANY respectfully requests that the Court enter judgment in its favor and jointly and severally against Defendants DAVIN HEALTHCARE WORKFORCE SOLUTIONS, INC. and COLUMBIA MEMORIAL HOSPITAL in the amount of at least $40,130.34 (as to Columbia Memorial as of February 5, 2026) and $71,772.47 (as to Davin Healthcare), plus the additional amounts referenced in paragraph 233 above, plus prejudgment interest, and post judgment interest, plus attorney's fees and costs as allowed by law.

**DEMAND FOR JURY TRIAL**

In accordance with Federal Rule of Civil Procedure 38(b), Plaintiff OneStaff Medical, Limited Liability Company, hereby demands a trial by jury on all issues so triable.

Dated: February 6, 2026.

Respectfully submitted,

Koley Jessen P.C., L.L.O.

*/s/Kendra M. Vosler*

John V. Matson, Nebraska #25278
*pro hac vice admission pending*
Kendra M. Vosler, Nebraska #27686
*pro hac vice admission pending*
*Counsel for Plaintiff*
One Pacific Place, Suite 800
1125 South 103rd Street
Omaha, NE 68124-1079
(402) 390-9500

(402) 390-9005 (facsimile)
John.Matson@koleyjessen.com
Kendra.Vosler@koleyjessen.com