UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ONESTAFF MEDICAL, LIMITED LIABILITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>DAVIN HEALTHCARE WORKFORCE SOLUTIONS, INC.; ST. MARY'S HEALTHCARE; CLAXTON-HEPBURN MEDICAL CENTER; ALBANY MED HEALTH SYSTEM d/b/a SARATOGA HOSPITAL; ONEIDA HEALTH SYSTEMS, INC.; and COLUMBIA MEMORIAL HOSPITAL,<br><br>Defendants. | Case No. 1:26-cv-225 (ECC/PJE) |

**ANSWER**

Defendant Davin Healthcare Workforce Solutions, Inc. ("**Davin**"), by and through its undersigned attorneys, Morrison Cohen LLP, as and for its *Answer and Affirmative Defenses* (this "**Answer**") to the *Complaint* [ECF No. 1] ("**Complaint**") of OneStaff Medical Limited Liability Company ("**OneStaff**"), alleges as follows:

**PARTIES AND JURISDICTION**

1. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. Davin admits the allegations contained in paragraph 2 of the Complaint.

3. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

**FACTUAL ALLEGATIONS**

10. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

*The St. Mary's Agreement*

11. Paragraph 11 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the St. Mary's Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the St. Mary's Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the St. Mary's Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the St. Mary's Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. Davin refers the Court to the St. Mary's Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 18 of the Complaint.

19. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. Davin denies the allegations contained in paragraph 20 of the Complaint. Regarding St. Mary's, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 21 of the Complaint.

22. Davin denies the allegations contained in paragraph 22 of the Complaint. Regarding St. Mary's, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23. Davin denies the allegations contained in paragraph 23 of the Complaint. Regarding St. Mary's, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 24 of the Complaint.

*The Claxton-Hepburn Agreement*

25. Paragraph 25 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Claxton-Hepburn Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Claxton-Hepburn Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Claxton-Hepburn Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Claxton-Hepburn Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

30. Davin refers the Court to the Claxton-Hepburn Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

32. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

33. Davin denies the allegations contained in paragraph 33 of the Complaint. Regarding Claxton-Hepburn, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

34. Paragraph 34 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 34 of the Complaint.

35. Davin denies the allegations contained in paragraph 35 of the Complaint. Regarding Claxton-Hepburn, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36. Davin denies the allegations contained in paragraph 36 of the Complaint. Regarding Claxton-Hepburn, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 37 of the Complaint.

*The Weiser Memorial Agreement*

38. Paragraph 38 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Weiser Memorial Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 38 of the Complaint.

39. Paragraph 39 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Weiser Memorial Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Weiser Memorial

Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Weiser Memorial Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint.

43. Davin refers the Court to the Weiser Memorial Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained paragraph 44 of the Complaint.

45. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint.

46. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint.

47. Paragraph 47 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 47 of the Complaint.

48. Paragraph 48 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 48 of the Complaint.

49. Davin denies the allegations contained in paragraph 49 of the Complaint.

50. Davin denies the allegations contained in paragraph 50 of the Complaint.

51. Paragraph 51 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 51 of the Complaint.

*The Saratoga Hospital Agreement*

52. Paragraph 52 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Saratoga Hospital Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Saratoga Hospital Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 53 of the Complaint.

54. Paragraph 54 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Saratoga Hospital Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 54 of the Complaint.

55. Paragraph 55 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Saratoga Hospital

Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 55 of the Complaint.

56. Paragraph 56 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint.

57. Davin refers the Court to the Saratoga Hospital Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 57 of the Complaint.

58. Paragraph 58 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint.

59. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint.

60. Paragraph 60 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 60 of the Complaint. Regarding Saratoga Hospital, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint.

61. Paragraph 61 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 61 of the Complaint.

62. Davin denies the allegations contained in paragraph 62 of the Complaint. Regarding Saratoga Hospital, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint.

63. Davin denies the allegations contained in paragraph 63 of the Complaint. Regarding Saratoga Hospital, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint.

64. Paragraph 64 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 64 of the Complaint.

*The Oneida Health Agreement*

65. Paragraph 65 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Oneida Health Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 65 of the Complaint.

66. Paragraph 66 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Oneida Health Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 66 of the Complaint.

67. Paragraph 67 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Oneida Health Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 67 of the Complaint.

68. Paragraph 68 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Oneida Health

Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 68 of the Complaint.

69. Paragraph 69 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint.

70. Davin refers the Court to the Oneida Health Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 70 of the Complaint.

71. Paragraph 71 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 71 of the Complaint.

72. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint.

73. Davin denies the allegations contained in paragraph 73 of the Complaint. Regarding Oneida Health, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Complaint.

74. Paragraph 74 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 74 of the Complaint.

75. Davin denies the allegations contained in paragraph 75 of the Complaint. Regarding Oneida Health, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Complaint.

76. Davin denies the allegations contained in paragraph 76 of the Complaint. Regarding Oneida Health, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Complaint.

77. Paragraph 77 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 77 of the Complaint.

*The Bassett Medical Agreement*

78. Paragraph 78 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Bassett Medical Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 78 of the Complaint.

79. Paragraph 79 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Bassett Medical Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 79 of the Complaint.

80. Paragraph 80 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Bassett Medical Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 80 of the Complaint.

81. Paragraph 81 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Bassett Medical Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 81 of the Complaint.

82. Paragraph 82 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Complaint.

83. Davin refers the Court to the Bassett Medical Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 83 of the Complaint.

84. Paragraph 84 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the Complaint.

85. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Complaint.

86. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Complaint.

87. Paragraph 87 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 87 of the Complaint.

88. Paragraph 88 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 88 of the Complaint.

89. Davin denies the allegations contained in paragraph 89 of the Complaint.

90. Davin denies the allegations contained in paragraph 90 of the Complaint.

91. Paragraph 91 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 91 of the Complaint.

*The Columbia Memorial Agreement*

92. Paragraph 92 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Columbia Memorial Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 92 of the Complaint.

93. Paragraph 93 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Columbia Memorial Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 93 of the Complaint.

94. Paragraph 94 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Columbia Memorial Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 94 of the Complaint.

95. Paragraph 95 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Columbia Memorial Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 95 of the Complaint.

96. Paragraph 96 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of the Complaint.

97. Davin refers the Court to the Columbia Memorial Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 97 of the Complaint.

98. Paragraph 98 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 98 of the Complaint.

99. Paragraph 99 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 99 of the Complaint.

100. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of the Complaint.

101. Davin denies the allegations contained in paragraph 101 of the Complaint. Regarding Columbia Memorial, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 of the Complaint.

102. Paragraph 102 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 102 of the Complaint.

103. Davin denies the allegations contained in paragraph 103 of the Complaint. Regarding Columbia Memorial, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of the Complaint.

104. Davin denies the allegations contained in paragraph 104 of the Complaint. Regarding Columbia Memorial, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of the Complaint.

105. Paragraph 105 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 105 of the Complaint.

## FIRST CLAIM FOR RELIEF

***Breach of Contract Against Davin Healthcare (St. Mary's Agreement)***

106. Davin repeats and realleges each and every response to the allegations contained in all preceding paragraphs as if fully set forth herein.

107. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107 of the Complaint.

108. Paragraph 108 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin admits the allegations contained in paragraph 108 of the Complaint.

109. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 of the Complaint.

110. Paragraph 110 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 110 of the Complaint. Regarding St. Mary's, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110 of the Complaint.

111. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 of the Complaint.

112. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112 of the Complaint.

113. Paragraph 113 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 113 of the Complaint.

114. Paragraph 114 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 114 of the Complaint.

115. Davin denies the allegations contained in paragraph 115 of the Complaint.

116. Paragraph 116 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 116 of the Complaint.

117. Paragraph 117 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 117 of the Complaint

118. Paragraph 118 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 118 of the Complaint.

## SECOND CLAIM FOR RELIEF

(In the Alternative to the First Claim for Relief as to Davin Healthcare)

***Quantum Meruit/Unjust Enrichment Against St. Mary's and Davin Healthcare***

119. Davin repeats and realleges each and every response to the allegations contained in all preceding paragraphs as if fully set forth herein.

120. Paragraph 120 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 120 of the Complaint. Regarding St. Mary's, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 120 of the Complaint.

121. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 121 of the Complaint.

122. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 122 of the Complaint. Regarding St. Mary's, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 123 of the Complaint.

123. Paragraph 123 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 123 of the Complaint. Regarding St. Mary's, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 123 of the Complaint.

124. Paragraph 124 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 124 of the Complaint.

## THIRD CLAIM FOR RELIEF
***Breach of Contract Against Davin Healthcare (Claxton-Hepburn Agreement)***

125. Davin repeats and realleges each and every response to the allegations contained in all preceding paragraphs as if fully set forth herein.

126. Paragraph 126 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin admits the allegations contained in paragraph 126 of the Complaint.

127. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 127 of the Complaint.

128. Paragraph 128 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 128 of the Complaint. Regarding Claxton-Hepburn, Davin denies knowledge or information

sufficient to form a belief as to the truth of the allegations contained in paragraph 128 of the Complaint.

129. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 129 of the Complaint.

130. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 130 of the Complaint.

131. Paragraph 131 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 131 of the Complaint.

132. Paragraph 132 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 132 of the Complaint.

133. Davin denies the allegations contained in paragraph 133 of the Complaint.

134. Paragraph 134 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 134 of the Complaint.

135. Paragraph 135 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 135 of the Complaint

136. Paragraph 136 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 136 of the Complaint.

## FOURTH CLAIM FOR RELIEF

(In the Alternative to the Third Claim for Relief as to Davin Healthcare)

***Quantum Meruit/Unjust Enrichment Against Claxton-Hepburn and Davin Healthcare***

137. Davin repeats and realleges each and every response to the allegations contained in all preceding paragraphs as if fully set forth herein.

138. Paragraph 138 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 138 of the Complaint. Regarding Claxton-Hepburn, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 138 of the Complaint.

139. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 139 of the Complaint.

140. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 140 of the Complaint. Regarding Claxton-Hepburn, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 140 of the Complaint.

141. Paragraph 141 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 141 of the Complaint. Regarding Claxton-Hepburn, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 141 of the Complaint.

142. Paragraph 142 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 142 of the Complaint.

## FIFTH CLAIM FOR RELIEF

***Breach of Contract Against Davin Healthcare (Weiser Memorial Agreement)***

143. Davin repeats and realleges each and every response to the allegations contained in all preceding paragraphs as if fully set forth herein.

144. Paragraph 144 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin admits the allegations contained in paragraph 144 of the Complaint.

145. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 145 of the Complaint.

146. Paragraph 146 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 146 of the Complaint. Regarding Weiser Memorial, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 146 of the Complaint.

147. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 147 of the Complaint.

148. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 148 of the Complaint.

149. Paragraph 149 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 149 of the Complaint.

150. Paragraph 150 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 150 of the Complaint.

151. Davin denies the allegations contained in paragraph 151 of the Complaint.

152. Paragraph 152 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 152 of the Complaint.

153. Paragraph 153 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 153 of the Complaint

154. Paragraph 154 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 154 of the Complaint.

**SIXTH CLAIM FOR RELIEF**
(In the Alternative to the Fifth Claim for Relief)
***Quantum Meruit/Unjust Enrichment Against Davin Healthcare***

155. Davin repeats and realleges each and every response to the allegations contained in all preceding paragraphs as if fully set forth herein.

156. Paragraph 156 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 156 of the Complaint.

157. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 157 of the Complaint.

158. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 158 of the Complaint.

159. Paragraph 159 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 159 of the Complaint.

160. Paragraph 160 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 160 of the Complaint.

**<u>SEVENTH CLAIM FOR RELIEF</u>**
***Breach of Contract Against Davin Healthcare (Saratoga Hospital Agreement)***

161. Davin repeats and realleges each and every response to the allegations contained in all preceding paragraphs as if fully set forth herein.

162. Paragraph 162 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin admits the allegations contained in paragraph 162 of the Complaint.

163. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 163 of the Complaint.

164. Paragraph 164 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 164 of the Complaint. Regarding Saratoga Hospital, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 164 of the Complaint.

165. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 165 of the Complaint.

166. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 166 of the Complaint.

167. Paragraph 167 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 167 of the Complaint.

168. Paragraph 168 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 168 of the Complaint.

169. Davin denies the allegations contained in paragraph 169 of the Complaint.

170. Paragraph 170 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 170 of the Complaint.

171. Paragraph 171 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 171 of the Complaint.

172. Paragraph 172 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 172 of the Complaint.

**EIGHTH CLAIM FOR RELIEF**
(In the Alternative to the Seventh Claim for Relief as to Davin Healthcare)
***Quantum Meruit/Unjust Enrichment Against Saratoga Hospital and Davin Healthcare***

173. Davin repeats and realleges each and every response to the allegations contained in all preceding paragraphs as if fully set forth herein.

174. Paragraph 174 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 174 of the Complaint. Regarding Saratoga Hospital, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 174 of the Complaint.

175. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 175 of the Complaint.

176. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 176 of the Complaint. Regarding Saratoga Hospital, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 176 of the Complaint.

177. Paragraph 177 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 177 of the Complaint.

178. Paragraph 178 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 178 of the Complaint.

## NINTH CLAIM FOR RELIEF

***Breach of Contract Against Davin Healthcare (Oneida Health Agreement)***

179. Davin repeats and realleges each and every response to the allegations contained in all preceding paragraphs as if fully set forth herein.

180. Paragraph 180 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin admits the allegations contained in paragraph 180 of the Complaint.

181. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 181 of the Complaint.

182. Paragraph 182 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 182 of the Complaint. Regarding Oneida Health, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 182 of the Complaint.

183. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 183 of the Complaint.

184. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 184 of the Complaint.

185. Paragraph 185 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 185 of the Complaint.

186. Paragraph 186 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 186 of the Complaint.

187. Davin denies the allegations contained in paragraph 187 of the Complaint.

188. Paragraph 188 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 188 of the Complaint.

189. Paragraph 189 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 189 of the Complaint.

190. Paragraph 190 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 190 of the Complaint.

**TENTH CLAIM FOR RELIEF**
(In the Alternative to the Ninth Claim for Relief as to Davin Healthcare)
***Quantum Meruit/Unjust Enrichment Against Oneida Health and Davin Healthcare***

191. Davin repeats and realleges each and every response to the allegations contained in all preceding paragraphs as if fully set forth herein.

192. Paragraph 192 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 192 of the Complaint. Regarding Oneida Health, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 192 of the Complaint.

193. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 193 of the Complaint.

194. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 194 of the Complaint. Regarding Oneida Health, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 194 of the Complaint.

195. Paragraph 195 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 195 of the Complaint. Regarding Oneida Health, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 195 of the Complaint.

196. Paragraph 196 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 196 of the Complaint.

## ELEVENTH CLAIM FOR RELIEF

***Breach of Contract Against Davin Healthcare (Bassett Medical Agreement)***

197. Davin repeats and realleges each and every response to the allegations contained in all preceding paragraphs as if fully set forth herein.

198. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 198 of the Complaint.

199. Paragraph 199 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin admits the allegations contained in paragraph 199 of the Complaint.

200. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 200 of the Complaint.

201. Paragraph 201 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 201 of the Complaint.

202. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 202 of the Complaint.

203. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 203 of the Complaint.

204. Paragraph 204 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 204 of the Complaint.

205. Paragraph 205 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 205 of the Complaint.

206. Davin denies the allegations contained in paragraph 206 of the Complaint.

207. Paragraph 207 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 207 of the Complaint.

208. Paragraph 208 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 208 of the Complaint.

209. Paragraph 209 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 209 of the Complaint.

## TWELFTH CLAIM FOR RELIEF

(In the Alternative to the Eleventh Claim for Relief)

***Quantum Meruit/Unjust Enrichment Against Davin Healthcare***

210. Davin repeats and realleges each and every response to the allegations contained in all preceding paragraphs as if fully set forth herein.

211. Paragraph 211 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 211 of the Complaint.

212. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 212 of the Complaint.

213. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 213 of the Complaint.

214. Paragraph 214 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 214 of the Complaint.

215. Paragraph 215 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 215 of the Complaint.

## THIRTEENTH CLAIM FOR RELIEF

***Breach of Contract Against Davin Healthcare (Columbia Memorial Agreement)***

216. Davin repeats and realleges each and every response to the allegations contained in all preceding paragraphs as if fully set forth herein.

217. Paragraph 217 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin admits the allegations contained in paragraph 217 of the Complaint.

218. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 218 of the Complaint.

219. Paragraph 219 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 219 of the Complaint. Regarding Columbia Memorial, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 219 of the Complaint.

220. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 220 of the Complaint.

221. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 221 of the Complaint.

222. Paragraph 222 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 222 of the Complaint.

223. Paragraph 223 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 223 of the Complaint.

224. Davin denies the allegations contained in paragraph 224 of the Complaint.

225. Paragraph 225 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 225 of the Complaint.

226. Paragraph 226 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 226 of the Complaint.

227. Paragraph 227 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 227 of the Complaint.

## FOURTEENTH CLAIM FOR RELIEF

(In the Alternative to the Thirteenth Claim for Relief as to Davin Healthcare)

***Quantum Meruit/Unjust Enrichment Against Columbia Memorial and Davin Healthcare***

228. Davin repeats and realleges each and every response to the allegations contained in all preceding paragraphs as if fully set forth herein.

229. Paragraph 229 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 229 of the Complaint.

230. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 230 of the Complaint.

231. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 231 of the Complaint. Regarding Columbia Memorial, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 231 of the Complaint.

232. Paragraph 232 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 232 of the Complaint. Regarding Columbia Memorial, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 232 of the Complaint.

233. Paragraph 233 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 233 of the Complaint.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations in the Complaint, and without admitting or suggesting that Davin bears the burden of proof on any of the following issues, Davin alleges the following separate and independent affirmative defenses:[1]

### FIRST AFFIRMATIVE DEFENSE

The claims in the Complaint are barred, in whole or in part, because they fail to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims contained in the Complaint are barred, in whole or in part, by the doctrines of waiver and estoppel.

### THIRD AFFIRMATIVE DEFENSE

1 Davin expressly reserves and preserves the right to assert any and all other affirmative defenses that become known throughout the course of further discovery and/or investigation in the above-captioned action.

The claims contained in the Complaint are barred, in whole or in part, by the doctrine of laches.

Dated: April 13, 2026

**MORRISON COHEN LLP**

By: */s/ Heath D. Rosenblat*
Heath D. Rosenblat

909 Third Avenue, 27th Floor
New York, New York 10022
Tel: (212) 735-8600

*Attorneys for Defendant Davin Healthcare Workforce Solutions, Inc.*